UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---

YAMAYRA RODRIGUEZ,

          Plaintiff,

     v.

SPRINGHILL SUITES BY MARRIOTT, et al.,

          Defendants.

**Civil Action No. 13-6841 (SRC)**

**OPINION**

---

**CHESLER**, District Judge

    This matter comes before the Court upon the motion filed by Defendant HEI Hospitality, LLC ("HEI") to dismiss Count 4 of the Complaint.[1] Plaintiff, Yamayra Dominguez ("Plaintiff" or "Dominguez"), has not opposed the motion.[2] The Court has considered the papers filed by HEI. For the reasons that follow, the motion to dismiss will be granted.

    This is an employment discrimination case. Dominguez is a former employee of HEI, which owns (either directly or through a subsidiary) a hotel in Newark, New Jersey operating as the Springhill Suites by Marriott. Dominguez worked at the hotel as a front desk agent. She alleges that, in or about the spring of 2013, she informed her supervisors that she was pregnant and that the pregnancy was considered high-risk because of her diabetes. According to the

---

[1] Two other Defendants, Marriott International, Inc. and Springhill Suites by Marriott, are named in the Complaint, but they have not yet been served. Additionally, the Court notes, according to HEI's brief, Springhill Suites by Marriott does not exist as a legal entity but rather is the operating name of the hotel where Plaintiff was formerly employed.
[2] Having failed to file opposition by the date it was originally due, Plaintiff was granted additional time by the Court's sua sponte adjournment of the motion. See Jan. 2, 2014 Letter Order [docket entry 7].

1

Complaint, the supervisors then began a campaign of non-accommodation and harassment by, among other things, failing to provide her a work shift that would allow Dominguez to attend doctor's appointments, failing to provide her opportunities to sit during her shift to ease pain in her feet and excluding her from hotel activities and meetings in which she normally participated. Dominguez alleges that she had to take a month of disability leave, based on her doctor's orders, and that her return to work was deliberately delayed by HEI. According to the Complaint, upon her return, Dominguez was subjected to further harassment, including tampering with her cash register in an effort to make her appear incompetent. Although the Complaint does not give an exact date, it appears she was terminated from her employment in or about the summer of 2013.

Dominguez initiated this lawsuit in the Superior Court of New Jersey. Her Complaint pleads for relief under the New Jersey Law Against Discrimination ("NJLAD"). She also asserts a claim for common law wrongful discharge in Count 4 of the Complaint. HEI removed the action to this Court based on the existence of diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). It now moves pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss Count 4 of the Complaint.

A complaint will survive a motion under Rule 12(b)(6) only if it states "sufficient factual allegations, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556.) Following Iqbal and Twombly, the Third Circuit has held that, to prevent dismissal of a claim, the complaint must show, through the facts alleged, that the

plaintiff is entitled to relief. Fowler v. UPMC Shadyside, 578 F.3d 203, 211 (3d Cir. 2009). While the Court must accept all factual allegations as true and construe the complaint in the light most favorable to the plaintiff, it need not accept a "legal conclusion couched as a factual allegation." Baraka v. McGreevey, 481 F.3d 187, 195 (3d Cir. 2007); Fowler, 578 F.3d at 210-11; see also Iqbal, 556 U.S. at 679 ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, will not suffice." Iqbal, 556 U.S. at 678.

Under this standard, Plaintiff's common law claim for wrongful discharge must be dismissed. New Jersey's Supreme Court recognized that an at-will employee has a cause of action if the employee was discharged "contrary to a clear mandate of public policy." Pierce v. Ortho. Pharm. Corp., 84 N.J. 58, 72 (1980). To assert a viable claim for common law wrongful discharge, a plaintiff must identify a clear mandate of public policy and allege that the discharge was in violation of that policy. Tartaglia v. UBS PaineWebber Inc., 197 N.J. 81, 109 (2008). An expression of public policy may be found, the New Jersey Supreme Court has held, in sources such as "legislation; administrative rules, regulations or decisions; and judicial decisions," though the Court has also cautioned that "not all such sources express a clear mandate of public policy." Pierce, 84 N.J. at 72. Plaintiff's failure identify the public policy allegedly violated by her termination from employment is fatal to her common law wrongful discharge claim. To the extent Plaintiff may allege that the NJLAD supplies the clear mandate of public policy, a common law claim for wrongful discharge cannot be predicated on the policy expressed through the NJLAD in light of the statutory remedy available. "New Jersey courts and courts interpreting

New Jersey law have held that common law claims for wrongful discharge in violation of public policy are preempted when a statutory remedy under the NJLAD exists." Santiago v. City of Vineland, 107 F. Supp. 2d 512, 567 (D.N.J. 2000); see also Lawrence v. Nat'l Westminster Bank of N.J., 98 F.3d 61, 73 (3d Cir. 1996) (affirming the district court's dismissal of a Pierce public policy claim, reasoning that a plaintiff cannot advance a separate common law wrongful discharge claim when the sources of public policy relied on by the plaintiff are coterminous with his statutory claims). Indeed, Dominguez asserts claims for relief under the NJLAD.

Accordingly, the Court will grant HEI's motion to dismiss Count 4 of the Complaint. An appropriate Order will be filed.


    s/ Stanley R. Chesler
STANLEY R. CHESLER
United States District Judge

Dated: February 10, 2014